IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH CHARLTON FOY, § | | |
| TDCJ #932559, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-06-2642 | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
|     Respondent. § | | |

## MEMORANDUM AND ORDER TO SHOW CAUSE

Joseph Charles Foy, a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"), has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court felony conviction. For reasons that follow, it appears that the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Accordingly, the petitioner is ordered to show cause within **ten days** why this case should not be dismissed.

### I. BACKGROUND

According to the petition, which was prepared and filed with the assistance of counsel, Foy pled "no contest" on July 18, 1994, to charges of aggravated sexual assault of a child in cause number 675217. The 351st District Court of Harris County, Texas, deferred a finding of guilt and placed Foy on community supervision (*i.e.*, deferred adjudication probation) for a term of ten years. Foy did not appeal or otherwise challenge the sentence.

Six years later, the State filed a motion to revoke Foy's deferred adjudication probation. Foy conceded that the allegations in the State's motion were true. Accordingly, on June 26, 2000, the trial court granted the State's motion to revoke, adjudged Foy guilty of aggravated sexual assault, and sentenced him to serve a term of twenty-five years in prison. Foy filed a direct appeal, complaining that the twenty-five year sentence constituted cruel and unusual punishment. An intermediate state appellate court rejected that claim and affirmed the conviction in an unpublished opinion. *See Foy v. State*, No. 01-00-00914-CR (Tex. App. — Houston [1st Dist.] Nov. 27, 2002). Foy did not appeal further by filing a petition for discretionary review of that decision with the Texas Court of Criminal Appeals.

Foy filed the pending federal petition for a writ of habeas corpus on August 14, 2006. Foy complains that, when he entered his plea of no contest in 1994, he mistakenly believed that his probation would be "early-terminated after five years — assuming of course that he did well on probation." In four related claims, Foy contends that he is entitled to federal habeas corpus relief because his no-contest plea was involuntarily and unknowingly made as the result of ineffective assistance of counsel. As discussed further below, the Court finds that the petition is subject to dismissal because it is barred by the applicable one-year statute of limitations.

## II.   THE ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions

filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). According to 28 U.S.C. § 2244(d)(2), statutory tolling of the limitations period is available for the time during which a properly filed "state post-conviction or other collateral review with respect to the pertinent judgment or claim[.]" In other words, the time during which a properly filed application for "state post-conviction or other collateral review" is pending shall not count toward the limitation period found in § 2244(d)(1).[1]

---

[1] Foy indicates that exhausted his claims by filing a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure. Foy does not reveal when this

Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). A district court may dismiss a federal habeas corpus petition as untimely on its own initiative where it gives fair notice to the petitioner and an opportunity to respond. *See Day v. McDonough*, — U.S. —, 126 S. Ct. 1675, 1684 (2006).

Foy does not challenge events related to the revocation of his deferred adjudication probation in 2000. Rather, he challenges his original decision to plead "no contest" on July 18, 1994, which resulted in his placement on deferred adjudication probation. Because Foy challenges a state court judgment, the statute of limitations for federal habeas corpus review began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As discussed more fully below, the judgment became final thirty days after the date that Foy was placed on deferred adjudication probation.

---

application was filed, but the Texas Court of Criminal Appeals denied relief without a written order on May 31, 2006. *See Ex parte Foy*, No. 64,719-01.

In Texas, a defendant placed on deferred adjudication community supervision must appeal any issue relating to the original plea hearing at the time he is placed on deferred adjudication. *See Manuel v. State*, 994 S.W.2d 658 (Tex. Crim. App. 1999). Thus, the Fifth Circuit has held that a sentence of deferred adjudication community supervision in Texas is a "final" judgment that triggers the habeas corpus statute of limitations. *See Caldwell v. Dretke*, 429 F.3d 521, 529-30 (5th Cir. 2005), *petition for cert. filed*, — U.S. — (U.S. April 27, 2006 and May 15, 2006) (Nos. 05-10671 & 05-11373); *see also Wilkinson v. Cockrell*, 240 F. Supp. 2d 617, 620 (N.D. Tex. 2002) (holding that the one-year statute of limitations found in the AEDPA begins to run when the time to appeal from a sentence of deferred adjudication expires). In light of the Fifth Circuit's decision in *Caldwell*, Foy's sentence of deferred adjudication probation became final when his time to appeal expired (thirty days from the day he was placed on deferred adjudication) on or about August 18, 1994. *See* TEX. R. APP. P. 26(a)(1). That date triggered the one-year statute of limitations for federal habeas corpus review, which expired no later than August 18, 1995.

Because his no-contest plea and sentence of deferred adjudication probation became a final judgment before the AEDPA became effective on April 24, 1996, Foy was entitled to a one-year grace period to file his claims for relief in federal court. *See United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998) (discussing a habeas corpus application filed under 28 U.S.C. § 2255), *cert. denied*, 525 U.S. 1091 (1999). Accordingly, Foy had until April 24, 1997, to seek federal habeas corpus relief. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (citing *Flanagan*, 154 F.3d at 201-02). Foy's pending federal habeas

5

corpus petition, filed by his counsel on August 14, 2006, is late by more than nine years and his claims are therefore time-barred unless the petitioner can show that a statutory or equitable exception applies.

### III.     CONCLUSION AND ORDER TO SHOW CAUSE

Therefore, based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner must show cause in writing within **ten days** of the date of this order why this case should not be dismissed as barred by the governing statute of limitations.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **August 17, 2006.**

_____
Nancy F. Atlas
United States District Judge