IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH CHARLTON FOY, | § | |
| TDCJ #932559, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2642 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

State inmate Joseph Charles Foy has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a plea of *nolo contendere* that he entered in 1994. The Court issued an order to show cause why the petition should not be dismissed as barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). (Doc. # 2). Foy, who is represented by counsel in this matter, has filed a response. (Doc. # 5). After considering all of the pleadings and the applicable law, the Court dismisses this case for reasons that follow.

## I.    BACKGROUND

The background and procedural history in this case has been set forth previously and is undisputed. Foy pled "no contest" on July 18, 1994, to charges of aggravated sexual assault of a child in cause number 675217. The 351st District Court of Harris County, Texas, deferred a finding of guilt and placed Foy on community supervision (*i.e.*, deferred

adjudication probation) for a term of ten years.  Foy did not appeal or otherwise challenge

the sentence.

On June 26, 2000, the trial court granted the State's motion to revoke Foy's deferred

adjudication probation after Foy conceded that the allegations in the State's motion were true

and that he had failed to comply with the conditions of his supervised release.  Accordingly,

the trial court adjudged Foy guilty of aggravated sexual assault and sentenced him to serve

a term of twenty-five years in prison.  On direct appeal, Foy complained that the sentence

was cruel and unusual.  That judgment was affirmed on direct appeal in an unpublished

opinion. *See Foy v. State*, No. 01-00-00914-CR, 2002 WL 31682219 (Tex. App. — Houston

[1st Dist.] Nov. 27, 2002, no pet.).

On December 3, 2003, Foy filed a state habeas corpus application to challenge the

validity of his original decision to plead no contest in 1994, and the effectiveness of his

counsel.  The Texas Court of Criminal Appeals denied that application on May 31, 2006,

without a written order, on findings made by the trial court. *See Ex parte Foy*, No. 64,719-

01.

Foy filed the pending federal petition for a writ of habeas corpus on August 14, 2006.

Foy complains that his 1994 no contest plea is invalid because he was denied effective

assistance of counsel.  In particular, Foy claims that his counsel was ineffective because: (1)

he falsely promised that his deferred adjudication probation would terminate early after five

years if he did well on probation; (2) he did not adequately explain the consequences of his

plea; (3) he did not conduct an adequate investigation of the case or present "exculpatory and

mitigating evidence" on his behalf; and (4) he failed to challenge the admissibility of inculpatory statements made by Foy to a Child Protective Services worker and to a Harris County Sheriff's Deputy.  (Doc. # 1).  The Court finds that the petition must be dismissed for reasons discussed in more detail below because it is barred by the applicable one-year statute of limitations.

## II.    THE ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  According to 28 U.S.C. § 2244(d)(2), statutory tolling of the limitations period is available for the time during which a properly filed "state post-conviction or other collateral review with respect to the pertinent judgment or claim[.]"  In other words,  the time during which a properly filed application for "state post-conviction or other collateral review" is pending shall not count toward the limitation period found in § 2244(d)(1).

Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies.  *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4).  A district court may dismiss a federal habeas corpus petition as untimely on its own initiative where it gives fair notice to the petitioner and an opportunity to respond.  *See Day v. McDonough*, — U.S. —, 126 S. Ct. 1675, 1684 (2006).

Foy has had notice and an opportunity to address the limitations issue in this instance in his response to the Court's show cause order.  After considering Foy's response, the Court is not persuaded that the petition is timely or that Foy has demonstrated that he fits within any exception to the statute of limitations.

## A.      The Petition is Not Timely

It is undisputed that Foy does not challenge events related to the revocation of his

deferred adjudication probation in 2000.  Rather, he challenges his original decision to plead

"no contest" on July 18, 1994, which resulted in his placement on deferred adjudication

probation.  Because Foy challenges a state court judgment, the statute of limitations for

federal habeas corpus review began to run at "the date on which the judgment became final

by the conclusion of direct review or the expiration of the time for seeking such review."

28 U.S.C. § 2244(d)(1)(A).  Although Foy begs to differ, established precedent dictates that

the judgment in his case became final for purposes of federal habeas corpus review thirty

days after the date that Foy was placed on deferred adjudication probation.

In Texas, a defendant placed on deferred adjudication community supervision must

appeal any issue relating to the original plea hearing at the time he is placed on deferred

adjudication. *See Manuel v. State*, 994 S.W.2d 658 (Tex. Crim. App. 1999).  Thus, the Fifth

Circuit has held that a sentence of deferred adjudication community supervision in Texas is

a "final" judgment that triggers the habeas corpus statute of limitations. *See Caldwell v.

Dretke*, 429 F.3d 521, 529-30 (5th Cir. 2005), *cert. denied sub nom. Caldwell v.

Quarterman*, — U.S. —, 2006 WL 2861670 (Oct. 10, 2006);[1] *see also Wilkinson v. Cockrell*,

---

[1]     A separate petition for a writ of certiorari remains pending in the *Caldwell* case, which was
a consolidated appeal involving three habeas corpus petitioners from Texas. *See Caldwell
v. Dretke*, 429 F.3d 521 (5th Cir. 2005), *petition for cert. filed*, — U.S. — (May 15, 2006)
(No. 05-11373).  The remaining petition for a writ of certiorari, filed by petitioner David
Franklin Beck, does not concern the issues in this case.  In that regard, Beck, unlike Foy,
received a sentence of straight probation, and not a sentence of deferred adjudication
probation.

240 F. Supp. 2d 617, 620 (N.D. Tex. 2002) (holding that the one-year statute of limitations found in the AEDPA begins to run when the time to appeal from a sentence of deferred adjudication expires).  In light of the Fifth Circuit's decision in *Caldwell*, Foy's sentence of deferred adjudication probation became final when his time to appeal expired (thirty days from the day he was placed on deferred adjudication) on or about August 18, 1994. *See* TEX. R. APP. P. 26(a)(1).  That date triggered the one-year statute of limitations for federal habeas corpus review, which expired no later than August 18, 1995.

Because his no-contest plea and sentence of deferred adjudication probation became a final judgment before the AEDPA went into effect on April 24, 1996, Foy was entitled to a one-year grace period to file his claims for relief in federal court.  *See United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998) (discussing a habeas corpus application filed under 28 U.S.C. § 2255), *cert. denied*, 525 U.S. 1091 (1999).  Accordingly, Foy had until April 24, 1997, to seek federal habeas corpus relief.  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (citing *Flanagan*, 154 F.3d at 201-02).  Foy's pending federal habeas corpus petition, filed by his counsel on August 14, 2006, is late by more than nine years and his claims are therefore time-barred unless the petitioner can show that a statutory or equitable exception applies.

### B.      Foy is not Entitled to Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). As noted above, Foy filed a

state habeas corpus application to challenge his conviction and sentence on December 3, 2003, which the Texas Court of Criminal Appeals denied on May 31, 2006.  *See Ex parte Foy*, No. 64,719-01.  Because this application was filed well after the statute of limitations had already expired, this state habeas corpus application does not toll the prescriptive period pursuant to § 2244(d)(2).  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Foy presents no other basis for statutory tolling, and the record fails to disclose any. Instead, Foy argues that the statute of limitations should be tolled in this instance for equitable reasons. His arguments are addressed below.

### C.   Foy is Not Entitled to Equitable Tolling

The doctrine of equitable tolling is applied "restrictively" and, as the Fifth Circuit has held repeatedly, "is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'" *In re Wilson*, 442 F.3d 872,  875 (5th Cir. 2006) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation and alteration omitted)).  The Supreme Court has stated that a habeas corpus petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  "A garden variety claim of excusable neglect does not support equitable tolling." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.

1999), *cert. denied*, 529 U.S. 1057 (2000).  In that respect, the doctrine of equitable tolling

"applies principally where the plaintiff is actively misled by the defendant about the cause

of action or is prevented in some extraordinary way from asserting his rights." *Melancon v.*

*Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96

F.3d 124, 128 (5th Cir. 1996)).

All of Foy's claims stem from his no-contest plea and the subsequent imposition of

a sentence of deferred adjudication, which occurred on July 18, 1994.  It is undisputed that

Foy did not challenge the validity of that plea until 2003, when he submitted a state habeas

corpus application.  In his response to the show cause order, Foy explains that he did not

discover his counsel's ineffectiveness until 1999, when his probation did not terminate early

as his lawyer had allegedly promised.  Foy's other claims, such as those concerning his

attorney's failure to investigate and failure to challenge the admissibility of his statements

to law enforcement, should have been evident to Foy when he entered his plea in 1994.  Foy

insists, nevertheless, that he was further prevented from pursuing an appeal or post-

conviction relief because of "state law" that a sentence of deferred adjudication did not

become a "final judgment" until it was revoked in 2000.

Foy's argument, which attempts to follow the dissent filed in *Caldwell*, 429 F.3d at

531-32 (DeMoss, J., dissenting), is not helpful in this instance.  Even if some equitable

tolling were allowed for Foy's claim concerning his attorney's alleged broken promise,

which was not apparent to Foy until 1999, Foy does not demonstrate that he pursued post-

conviction relief with the requisite diligence after his deferred adjudication probation was revoked.

After Foy's deferred adjudication probation was revoked in July of 2000, the sentence was affirmed on November 27, 2002.  *See Foy v. State*, No. 01-00-00914-CR, 2002 WL 31682219 (Tex. App. — Houston [1st Dist.] Nov. 27, 2002).  Although Foy could have appealed further by filing a petition for discretionary review of that decision with the Texas Court of Criminal Appeals, he did not do so.  Instead, he waited more than a year, until December 3, 2003, to challenge the validity of his no-contest plea by filing a state habeas corpus application.  Foy offers no explanation for his decision to delay seeking state habeas corpus relief during this period.

Moreover, there is an additional period of delay that precludes equitable tolling in this instance.  The Texas Court of Criminal Appeals denied Foy's state habeas corpus application on May 31, 2006.  The Fifth Circuit had already issued the *Caldwell* decision in October of 2005, which should have signaled the importance of acting promptly.  Instead, Foy waited two-and-half months after his request for state habeas corpus relief was denied to submit his federal habeas corpus petition on August 14, 2006.  Foy, who is represented by the same counsel on federal habeas review as on state review, offers no valid explanation for his delay in pursuing federal post-conviction relief during this time.

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.[2] *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000). The Fifth Circuit has emphasized, however, that the "strict one-year limitations period" imposed by Congress for the filing of all habeas corpus petitions is "subject only to the narrowest of exceptions." *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).  After considering all of the pleadings in the record, the Court concludes that the petitioner has failed to demonstrate the requisite diligence or to show that his circumstances are among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *See Felder*, 204 F.3d at 173.  Accordingly, because Foy is not entitled to statutory or equitable tolling, the Court dismisses the petition as barred by the governing one-year statute of limitations.

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that

---

[2]     The Court notes, however, that Foy's claims were raised and rejected on state habeas corpus review.

'[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons discussed in more detail above, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct. *See Caldwell v. Dretke*, 429 F.3d 521 (5th Cir. 2005), *cert. denied sub nom. Caldwell v. Quarterman*, — U.S. —,

11

2006 WL 2861670 (Oct. 10, 2006).  Therefore, a certificate of appealability will not issue.

**IV.    CONCLUSION**

 Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1.  This federal habeas corpus proceeding is **DISMISSED** with prejudice as barred by the governing statute of limitations.

2.  A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **October 13, 2006.**

_____
Nancy F. Atlas
United States District Judge

12