IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH CHARLTON FOY, | § | |
| TDCJ #932559, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2642 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## ORDER

On October 13, 2006, this Court dismissed the federal habeas corpus petition filed by state inmate Joseph Charlton Foy as barred by the governing one-year statute of limitations. Foy has filed a notice of appeal dated December 27, 2006, and a motion for a certificate of appealability. (Docs. # 12, # 13). Foy has also filed a motion to suspend Rule 32 of the Federal Rules of Appellate Procedure. (Doc. # 14). Both motions are **denied** for reasons set forth briefly below.

    1.    **Motion for a Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed in a federal habeas corpus proceeding of the type at issue in this case. For reasons detailed previously in its order dated October 13, 2006, this Court will not authorize a certificate of appealability. As explained in that order, Foy fails to show that jurists of reason would debate whether the procedural ruling in this case was correct in light of the Fifth Circuit's decision in *Caldwell v. Dretke*, 429 F.3d 521 (5th Cir. 2005), *cert. denied*, —

U.S. —, 127 S. Ct. 431 (2006), which is dispositive of the statute-of-limitations question in this case. Foy's motion for a certificate of appealability does not demonstrate otherwise. Accordingly, Foy is not entitled to a certificate of appealability under 28 U.S.C. § 2253.

**2.      Motion to Suspend the Federal Rules of Appellate Procedure**

Citing Rule 2 of the Federal Rules of Appellate Procedure, Foy has filed a motion to suspend certain provisions that govern his pending appeal. In particular, Foy seeks an exemption from requirements found in Rule 32 of the Federal Rules of Appellate Procedure, which govern the form of briefs filed with the court of appeals. Foy argues that he should not be required to comply with the rules governing appellate briefs because he is an inmate proceeding *pro se*.

Rule 2 of the Federal Rules of Appellate Procedure states that, "[o]n its own motion or a party's motion, a *court of appeals* may – to expedite its decision or for other good cause – suspend any provision of these rules in a particular case . . . ." FED. R. APP. P. 2 (emphasis added). Because this rule vests the decision to suspend appellate rules with the "court of appeals," this Court has no authority to excuse Foy's compliance with Rule 32. Accordingly, his motion to suspend Rule 32 of the Federal Rules of Appellate Procedure must be denied without prejudice to reconsideration by the Fifth Circuit.

Based on the foregoing, the Court **ORDERS** as follows:

1.      Foy's motion for a certificate of appealability (Doc. # 12) is **DENIED**.

2. Foy's motion to suspend Rule 32 of the Federal Rules of Appellate Procedure (Doc. # 14) is **DENIED**, without prejudice to reconsideration by the Fifth Circuit.

3. In addition, the Court notes that Foy has not been granted leave to proceed *in forma pauperis* previously in ths matter. For any appeal to proceed, Foy must either pay the appellate filing fee ($455.00) or submit a properly supported motion for leave to proceed *in forma pauperis* within thirty days of the date of this order.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on January 8th, 2007.

_____
Nancy F. Atlas
United States District Judge