IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH CHARLTON FOY, | § | |
| TDCJ #932559, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2642 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## ORDER

On October 13, 2006, this Court dismissed the federal habeas corpus petition filed by state inmate Joseph Charlton Foy as barred by the governing one-year statute of limitations. Foy's appeal from that decision also has been dismissed as untimely filed. *See Foy v. Quarterman*, No. 07-20017 (5th Cir. March 6, 2007). Foy has now filed a motion to "alter or amend" this Court's dismissal order. (Doc. # 24). For reasons set forth below, the motion is **denied**.

Motions to alter or amend a judgment are governed by Rule 59(e) of the Federal Rules of Civil Procedure. A Rule 59(e) motion may be granted if the moving party demonstrates any of the following: (1) the judgment was based upon a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) there is an intervening change in controlling law. *See* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995). Motions to alter or amend, however, must be filed "no later than 10 days after entry of the

judgment." FED. R. CIV. P. 59(e).  Because Foy's pending motion to alter or amend was not

filed within 10 days of the Court's dismissal order, dated October 13, 2006, his motion must

be denied for lack of jurisdiction.

Alternatively, even if the motion were timely, Foy has not demonstrated that he is

entitled to relief from the judgment in this case under Rule 59(e) or under Rule 60(b) of the

Federal Rules of Civil Procedure at this late date.[1]  The Court dismissed his federal habeas

corpus petition as barred by the governing one-year statute of limitations found in 28 U.S.C.

§ 2244(d)(1)(A).  Foy does not demonstrate that this determination was incorrect.  Instead,

Foy appears to seek leave to pursue a new claim of actual innocence.[2]  Foy concedes that his

proposed new claim was not presented in his original federal habeas corpus petition and that

he has not yet exhausted such a claim by raising one in the state courts under Article 11.07

---

[1]     Under Rule 60(b), a court "may relieve a party from final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment."  FED. R. CIV. P. 60(b).

[2]     It is unclear from Foy's pending motion whether he wishes to raise a claim of actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995), which applies when a prisoner seeks to overcome a procedural default in state court, or a claim of innocence as a matter of fact, which is governed by *Herrera v. Collins*, 506 U.S. 390 (1993).  *See also House v. Bell*, — U.S. —, 126 S. Ct. 2064 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*, and also referencing the high standard of proof needed to make a stand-alone claim of actual innocence under *Herrera*).

2

of the Texas Code of Criminal Procedure.  This proposed new claim, which is not supported by any evidence, does not constitute grounds for relief from the final judgment.

Moreover, because Foy's pending motion does not take issue with any particular defect in the dismissal order, and instead attempts to assert a new claim, his motion must be treated as a successive habeas corpus petition that is subject to 28 U.S.C. § 2244(b).  *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005).  Under § 2244(b), this Court can entertain a second or successive petition only after a panel of the United States Court of Appeals for the Fifth Circuit authorizes the filing of the successive federal habeas corpus petition.[3]  To the extent that Foy attempts to obtain review of his proposed new claim, his pending motion is a successive federal habeas corpus petition for purposes of § 2244(b).  Foy fails to present the necessary authorization from the Fifth Circuit.  Any explanation that he might present for his failure to properly raise the proposed claims previously must be presented to the Fifth Circuit for its consideration in deciding whether to authorize the filing of the successive federal habeas corpus petition in this district court.

For all of the foregoing reasons, it is **ORDERED** that the pending motion to alter or amend the final judgment (Doc. # 24) is **DENIED** for lack of jurisdiction.

---

[3]   To the extent that Foy has not yet presented an actual innocence claim in the state courts, any successive application is subject to the limitations imposed by Article 11.07 § 4 of the Texas Code of Criminal Procedure, which allows review of successive habeas corpus applications only under certain circumstances.  As Foy appears to acknowledge, he must first raise his claim in state court before he can seek another opportunity for federal habeas corpus review.  *See* 28 U.S.C. § 2254(b) (requiring the exhaustion of state remedies).

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on June 4th , 2007.

Nancy F. Atlas
United States District Judge